**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WAYNE A. LAWSON,
        Appellant,

v.

SOCIAL SECURITY
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
PH-0752-21-0147-I-1

DATE:  February 7, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael Fallings, Esquire, Austin, Texas, for the appellant.

Jaymin Parekh, Esquire, and Julie Tong, Esquire, Baltimore, Maryland, for
   the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as res judicata.  For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant formerly held the position of Supervisory Management Analyst, GS-14, in the agency's Office of Realty Management. *Lawson v. Social Security Administration*, MSPB Docket No. PH-0752-21-0147-I-1, Initial Appeal File (0147 IAF), Tab 6 at 12. On July 13, 2020, the agency proposed to demote him to the position of Management Analyst, GS-13, in the Office of Media and Logistics Management, based on alleged misconduct. *Id.* at 13. That same day, the appellant filed an equal employment opportunity (EEO) complaint, in which he alleged that he had suffered harassment based on race and disability when, among other things, the agency proposed his demotion. *Id.* at 24-26. The agency partially accepted the complaint but dismissed the claim involving the proposed demotion, as the proposal was only a preliminary step. *Id.* at 27-28.

Effective August 30, 2020, the agency demoted the appellant to the GS-13 Management Analyst position. *Id.* at 43-52. On September 24, 2020, the appellant emailed the agency's EEO office, asking to amend his pending complaint to include the effected demotion. *Id.* at 53-54. Shortly thereafter, on September 29, 2020, the appellant filed a Board appeal contesting his demotion. *Id.* at 55-65; *Lawson v. Social Security Administration*, MSPB Docket No. PH-0752-20-0483-I-1, Initial Appeal File (0483 IAF), Tab 1. On October 9, 2020, the agency informed the appellant that it had accepted his request to amend his EEO complaint. 0147 IAF, Tab 6 at 66-67.

On October 19, 2020, the agency moved to dismiss the Board appeal, arguing that the Board lacked jurisdiction because the appellant had elected to challenge his demotion by filing an EEO complaint. 0483 IAF, Tab 4. The administrative judge issued an order explaining that the appeal appeared to be

premature, as the agency had not issued a final agency decision (FAD) and 120 days had not yet passed since the appellant's EEO complaint was amended to include the demotion.[2]  0483 IAF, Tab 6 at 1-2; *see* 5 C.F.R. § 1201.154(b).  The administrative judge directed the parties to submit evidence and argument on the jurisdictional issue.  *Id*. at 2.  The appellant did not provide a substantive response to the order but instead filed a pleading consisting of the following sentence: "The Appellant, Wayne Lawson, by and through his undersigned counsel, hereby moves that his above-captioned MSPB appeal be withdrawn with prejudice."  0483 IAF, Tab 8 at 4.

On November 2, 2020, the administrative judge issued an initial decision dismissing the appeal.  0483 IAF, Tab 9, Initial Decision (0483 ID).  She explained that the appellant, through counsel, had indicated that he wished to withdraw his appeal with prejudice and found that that his withdrawal was voluntary and unequivocal.  *Id*. at 1.  She further noted that the withdrawal of an appeal is final and serves to remove the case from the Board's jurisdiction. *Id*. at 2 (citing *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010)). Given the appellant's decision to withdraw his appeal, the administrative judge did not make a finding as to whether the appeal would have otherwise been ripe

---

[2] To challenge an adverse action an employee believes resulted from prohibited discrimination, the employee may file an EEO complaint with the employing agency or a mixed case appeal with the Board, but not both.  29 C.F.R. § 1614.302(b).  Whichever is filed first is deemed to be an election to proceed in that forum.  *Id*.  When, as in this case, an appellant first has timely filed a formal complaint of discrimination with the agency, an appeal to the Board must be filed within 30 days after the appellant receives a FAD on the discrimination issue.  29 C.F.R. § 1201.154(b)(1).  Alternatively, if the agency has not resolved the matter or issued its final decision within 120 days, an appellant may appeal the matter directly to the Board.  29 C.F.R. § 1201.154(b)(2).

for adjudication.[3]   The initial decision became final when neither party filed a petition for review.

On February 9, 2021, the agency issued a FAD on the mixed-case portion of the appellant's complaint, finding that he did not establish disparate treatment or retaliation in connection with his demotion.  0147 IAF, Tab 6 at 85-106.  On March 10, 2021, the appellant filed the instant Board appeal.  0147 IAF, Tab 1.

The administrative judge assigned to the new appeal issued a show-cause order, explaining that the appeal appeared to be barred under the doctrine of res judicata, given the result of the prior appeal.  0147 IAF, Tab 7.  He ordered the appellant to submit evidence and argument as to why his new appeal should not be dismissed under the doctrine of res judicata.  *Id.*  In response, the appellant argued that res judicata did not apply because the prior appeal was dismissed to allow the appellant to obtain a FAD and refile with the Board. 0147 IAF, Tab 8 at 6-8.  The administrative judge determined that the doctrine of res judicata was applicable and issued an initial decision dismissing the appeal. 0147 IAF, Tab 9, Initial Decision.

On petition for review, the appellant argues that the administrative judge erred in applying the doctrine of res judicata.  Petition for Review (PFR) File, Tab 1 at 7-9.  Citing *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332 (1995), he argues that the initial decision in the prior appeal was not a final judgment on the merits because the administrative judge dismissed that appeal to allow the agency to investigate and issue a FAD on the pending EEO complaint.  *Id.*  In response, the agency argues that the dismissal of the appellant's first appeal was a final judgment on the merits for purposes of res judicata.  PFR File, Tab 3 at 7-9.  The

---

[3] Had the administrative judge determined that the appeal was prematurely filed under 5 C.F.R. § 1201.154(b), it would have been appropriate to either dismiss the appeal without prejudice to refiling or hold the appeal until it became timely.  5 C.F.R. § 1201.154(c).

agency contends that *Peartree* is distinguishable because the appellant in this case explicitly requested that his first appeal be dismissed "with prejudice." *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree*, 66 M.S.P.R. at 337. Res judicata applies when (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

It is well established that the Board must have jurisdiction over an appeal for its decision to have res judicata effect. *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 6 (2003). Regardless of whether the appellant's prior appeal was ripe for adjudication, his decision to withdraw the appeal sufficed to remove it from the Board's jurisdiction. *See Lincoln*, 113 M.S.P.R. 486, ¶ 7. Consequently, the dismissal of that appeal does not act as a bar to the present action. *See Cavanagh v. U.S. Postal Service*, 44 M.S.P.R. 485, 488-89 ("[A] voluntary dismissal of an action at the request of the party bringing that action generally is not regarded as barring a new action on the same subject matter.");[4] *see also Krafsur v. Social Security Administration*, 122 M.S.P.R. 679, ¶ 13 (2015) (citing Fed. R. Civ. P. 41(a)(2)) ("[T]he voluntary withdrawal of a complaint is

---

[4] The Board recognized an exception to this rule where the party requesting voluntary dismissal "affirmatively appears [to have] intended to abandon the action." *Cavanagh*, 44 M.S.P.R. at 489 (quoting 50 C.J.S. *Judgments* § 633 (1947)). However, as in *Cavanagh*, we are not persuaded that the appellant in this case had any such intention. Rather, we find that the withdrawal of his first appeal was consistent with 5 C.F.R. § 1201.154(a), which provides that an appellant may pursue a discrimination complaint in his agency and later pursue a Board appeal arising from the same action. *See Cavanagh*, 44 M.S.P.R. at 489.

not equivalent to a dismissal with prejudice."); *contra Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006).

To the contrary, when an appellant who has already filed a formal discrimination complaint with his agency later files an appeal of the action that is the subject of the complaint and then chooses to withdraw his appeal in order to pursue his complaint first, the Board's practice is generally to dismiss the appeal without prejudice to its later refiling. *Cavanagh*, 44 M.S.P.R. at 489. The dismissal of the appellant's prior appeal was consistent with this practice, and there is nothing in the decision to indicate that the dismissal was with prejudice. Accordingly, we vacate the initial decision and remand the case for further adjudication.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.